IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Abdiyyah ben Alkebulanyahh, | ) | |
| | ) | C.A. No. 6:10-2976-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| South Carolina Department of Corrections; | ) | |
| Captain Thierry Nettles; Guard James | ) | |
| Smith; Warden Wayne McCabe; and | ) | |
| Lieutenant K. Arens, | ) | |
| | ) | |
| Respondent. | ) | |

Plaintiff Abdiyyah ben Alkebulanyahh, proceeding *pro se*, filed the within action pursuant to 42 U.S.C. § 1983 on November 19, 2010 against the South Carolina Department of Corrections (SCDC), Captain Thierry Nettles ("Nettles"), Guard James Smith ("Smith"), Warden Wayne McCabe ("McCabe"), and Lieutenant K. Arens ("Arens"). Plaintiff, a death row inmate, is housed at Lieber Correctional Institution.  In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge Kevin McDonald for pretrial handling.  On December 2, 2010, Plaintiff was granted leave to proceed *in forma pauperis*.  That same day, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's complaint be dismissed only as to SCDC, on the grounds of Eleventh Amendment immunity.  The Magistrate Judge recommended service of the complaint on the remaining defendants. On December 28, 2010, Plaintiff filed objections to the Report and Recommendation.

**BACKGROUND**

In his complaint, Plaintiff alleges that on April 28, 2010, Smith addressed him using a racially derogatory term.  Plaintiff also alleges that on September 17, 2010, Smith accosted Plaintiff.

According to Plaintiff, on September 25, 2010, Smith sprayed a chemical agent into Plaintiff's face. Plaintiff alleges that he was then taken from his cell and forced into a "restraint chair" where he was unable to move for "over five hours" while his body continued to burn from the chemical agent. Compl. at 4.  When Plaintiff was returned to his cell, all of his personal items had been confiscated except for a roll of toilet tissue and Plaintiff's undergarments.  Plaintiff alleges that his property was returned to him four days later, and that he was then permitted to bathe.  Plaintiff also alleges that he was  "force[d] on a nutri-loaf (meat-loaf) diet for 30 days. . . ."  Compl. at 7.  Plaintiff seeks damages and an inquiry and investigation into the defendants conduct.

## DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court is charged with making a *de novo* determination on any portions of the Report and Recommendation to which a specific objection is made.  *Id.*  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

Plaintiff states in his objections that he "believes that 'the state' does not condone any state agency (SCDC) to be immune from violations of the state or federal law."  *See* Entry 19, Plaintiff's objections at 1.  Plaintiff also states that "if 'SCDC' submit [sic] a legal document stating that it does not authorize the method or action as a policy of treating plaintiff . . . then Plaintiff believes that SCDC may be 'entitled to Eleventh Amendment Immunity in this case."  *Id.* at 2.  Plaintiff contends that without such a statement, he "believes that 'SCDC' should be held accountable for torture and abuses as part of its policy."  *Id.*

2

The court has conducted a *de novo* review of the complaint and concludes that the Magistrate Judge has properly applied the applicable law.  The Supreme Court, in addressing the effect of the Eleventh Amendment[1] in § 1983 actions has ruled that § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."   *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  The Eleventh Amendment has been construed to preserve the sovereign immunity not only of the States, but also to state agents and instrumentalities.  *Cash v. Granville County Bd. of Educ.*, 242 F.3d 219, 222 (4th Cir. 2001) (citing *Regents of the Univ. of California v. Doe,* 519 U.S. 425, 429 (1997).  SCDC is an agency of the state, and as such, is immune from suit in federal court.  *See*  U.S. CONST. amend. XI; *Will*, 491 U.S. at 66.   This is true regardless of whether SCDC states that it does not authorize the alleged mistreatment of Plaintiff.

The court adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. The complaint is dismissed *without prejudice* and without issuance of service of process as to Defendant South Carolina Department of Corrections.  Process shall issue for service on the remaining defendants.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

January 20, 2011
Columbia, South Carolina

---

[1] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.