IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Abdiyyah ben Alkebulanyahh, ) | |
| ) | C.A. No. 6:10-2976-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Captain Thierry Nettles; Guard James ) | |
| Smith; Warden Wayne McCabe; and ) | |
| Lieutenant K. Arens, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Plaintiff Abdiyyah ben Alkebulanyahh, proceeding *pro se*, filed the within action pursuant to 42 U.S.C. § 1983 on November 19, 2010 against the South Carolina Department of Corrections (SCDC), Captain Thierry Nettles ("Nettles"), Guard James Smith ("Smith"), Warden Wayne McCabe ("McCabe"), and Lieutenant K. Arens ("Arens"). Plaintiff, a death row inmate, is housed at Lieber Correctional Institution. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge Kevin McDonald for pretrial handling. On December 2, 2010, Plaintiff was granted leave to proceed *in forma pauperis*. On January 21, 2011, SCDC was dismissed as a defendant to this case.

This case is before the court on the Magistrate Judge's Order and Report of Magistrate Judge recommending the denial of Plaintiff's motion for preliminary injunction and denying Plaintiff's motion for appointment of counsel. Plaintiff filed objections to the Order and Report of Magistrate Judge on January 20, 2011. This case is also before the court on the Magistrate Judge's Report of Magistrate Judge recommending that a motion for summary judgment filed by Defendants be granted. Plaintiff did not object to the Report of Magistrate Judge addressing Defendants' motion

for summary judgment.

**FACTS**

In his complaint, Plaintiff alleges that on April 28, 2010, Smith addressed him using a racially derogatory term and called him "a cop killer." Compl. at 3. Plaintiff also alleges that on September 17, 2010, Smith accosted him. In addition, Plaintiff alleges that on September 25, 2010, Smith sprayed a chemical agent into Plaintiff's face while Plaintiff was watching a football game. Plaintiff alleges that he was then taken from his cell and forced into a "restraint chair" where he was unable to move for "over five hours" while his body continued to burn from the chemical agent. Compl. at 4. Plaintiff alleges that when Plaintiff was returned to his cell, all of his personal items had been confiscated except for a roll of toilet tissue and Plaintiff's undergarments. Plaintiff alleges that his property was returned to him four days later, and that he was then permitted to bathe. Plaintiff also alleges that he was "force[d] on a nutri-loaf (meat-loaf) diet for 30 days. . . ." Compl. at 7. Plaintiff seeks damages, and an inquiry and investigation into Defendants' conduct.

Smith filed an Incident Report based upon the events of September 25, 2010 stating that he was "making a security check on deathrow" and that as he approached Plaintiff's cell, he noticed the smell of feces. Entry 19-2 at 4. Smith's Incident Report states that Plaintiff appeared to be about to throw a jar of a brown substance on Smith and that Smith, in defense, administered a chemical agent to Plaintiff's face. *Id.* Smith states that Plaintiff backed up, but still had the jar in his hand. *Id.* Arens also filed an Incident Report based upon the events of September 25, 2010 stating that "the force Cell Extraction team" placed Plaintiff in a restraint chair at around 8:15 p.m. on September 25, 2010 for attempting to throw feces and being disrespectful to Smith. Entry 19-2 at 2. Arens' Incident Report further states that Nettles authorized the use of the restraint chair, and that nursing

staff checked over Plaintiff once he was in the chair. *Id.* Arens' Incident Report states that Plaintiff was removed from the restraint chair at 12:45 a.m. on September 26, 2010, checked by nursing staff, and returned to his cell. *Id.*

Defendant was charged with the disciplinary violation of "[t]hrowing of any Substance or Object on an SCDC Employee . . . who is exercising legitimate authority over an inmate" based upon the events of September 25, 2010. Entry 19-1. The Disciplinary Report and Hearing Record indicates that on November 5, 2010, Plaintiff was found "NG" or not guilty of the offense. *Id.*

Plaintiff did not file a grievance with the prison system regarding the events that allegedly occurred on April 28, 2010 and September 17, 2010. Hallman Aff. ¶ 4. Indeed, Plaintiff did not submit any grievances between October 19, 2009 and October 25, 2010. *Id.* On October 25, 2010, Plaintiff filed a grievance concerning the September 25, 2010 incident, which was received by the Inmate Grievance Coordinator at Lieber Correctional Institution on November 4, 2010. *Id.* ¶ 2, Ex. A. At the time Plaintiff filed this case on November 19, 2010, Plaintiff had not yet received a response to his grievance. Plaintiff indicates in his complaint that he did not exhaust his administrative remedies in this case because the "grievance process is broken." Compl. at 2.

## DISCUSSION

I.  Standard

With regard to dispositive motions, the Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination on any portions of the Report of Magistrate Judge to which a specific objection is made. *Id.* The court may accept, reject, or modify, in whole or in part,

the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

With regard to nondispositive matters, Federal Rule of Civil Procedure 72(a), provides that if a party objects to a magistrate judge's order, the court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "[A] finding is 'clearly erroneous' when . . . the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also King v. Marriott Intern., Inc.*, C.A. No. 9:05-1774-PMD-RSC, 2006 WL 2092592, at *3 (D.S.C. July 26, 2006). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *King*, 2006 WL 2092592, at *3 (citing *Tompkins v. R.J. Reynolds Tobacco Corp.*, 92 F. Supp .2d 70, 74 (N.D.N.Y. 2000)). Accordingly, the court may not reverse a decision "simply because it is convinced that it would have decided the matter differently." *Anderson*, 470 U.S. at 573.

II.     Plaintiff's Motion for Preliminary Injunction

The Fourth Circuit has adopted the test set out by the Supreme Court in *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374-76 (2008)**,** for preliminary injunctions. *See Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 347 (4th Cir. 2009) ("the standard articulated in *Winter* governs the issuance of preliminary injunctions not only in the Fourth Circuit but in all federal courts."). To obtain a preliminary injunction under the *Winter* test, a movant must make a

4

"clear showing" of four requirements: 1) that the movant is likely to succeed on the merits, 2) that the movant is likely to suffer irreparable harm in absence of injunctive relief, 3) that the balance of equities tips in the movant's favor, and 4) that an injunction is in the public interest. *Winter,* 129 S. Ct. at 374; *see also The Real Truth About Obama*, 575 F.3d at 346. The *Winter* standard requires all four requirements to be "satisfied as articulated." *The Real Truth About Obama*, 575 F.3d at 346. Therefore, a movant carries a heavy burden when seeking a preliminary injunction. *The Real Truth About Obama*, 575 F.3d at 349.

The Magistrate Judge recommended that Plaintiff's motion for preliminary injunction be denied on several grounds. One of the Magistrate Judge's grounds for denial was that Plaintiff cannot show a likelihood of success on the merits because "the defendants have a strong argument in their pending motion for summary judgment for dismissal of the plaintiff's lawsuit for failure to exhaust administrative remedies." Entry 31 at 3. Plaintiff does not object to this finding, and the court agrees with the Magistrate Judge that this is a proper ground for denying Plaintiff's motion for preliminary injunction. This is because Plaintiff did not exhaust his administrative remedies, which indicates that Plaintiff is not likely to succeed on the merits of this case as currently filed. *See Porter v. Nussle*, 534 U.S. 516 (2002) (holding that the "[Prison Litigation Reform Act (PLRA)]'s exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Because Plaintiff cannot show a likelihood of success on the merits, the court need not reach the Magistrate Judge's other grounds for denial. Plaintiff's motion for a preliminary injunction is denied.

III.    Motion for Appointment of Counsel

Plaintiff objects to the Magistrate Judge's order denying him counsel, arguing that he is

"entitled to a discretionary appointment of counsel" and that the Magistrate Judge's denial of his motion was "an abuse of discretion. The court disagrees. Counsel is only appointed in civil cases in exceptional cases. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Manship v. Trodden*, 273 F. App'x 247, 248, FN* (4th Cir. 2008). The types of issues raised by the complaint are routinely before the court and Plaintiff has not distinguished his need for counsel from that of any other indigent prisoner without legal training. Therefore, Plaintiff's motion for appointment of counsel was properly denied by the Magistrate Judge.

IV.    Defendants' Motion for Summary Judgment

Plaintiff has not objected to the Report of Magistrate Judge in which the Magistrate Judge recommends granting Defendants' motion for summary judgment. After carefully reviewing the record, the court concludes that the Magistrate Judge has correctly applied the applicable law. Plaintiff has not exhausted his administrative remedies in this case. *See* 42 U.S.C. § 1997e(a) (requiring exhaustion of administrative procedures, such as grievance procedures prior to bringing a 42 U.S.C. § 1983 action); *Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 674 (4th Cir. 2005) (exhaustion is a prerequisite to suit); *McKenney v. Reynolds*, 2011 WL 1225685, at *2 (D.S.C. Mar. 31, 2011) ("Thus, before the Plaintiff may proceed with his claims against the Defendants in this Court, he must have first exhausted his administrative remedies available through SCDC's inmate grievance process, under which a SCDC inmate must wait one hundred twenty-five (125) days from presenting his Step 1 grievance to the prison before filing a complaint in federal court. See SCDC Policy/Procedure GA–01.12, at §§ 11, 13.1–13.6 (Sept. 1, 2009)."). Plaintiff waited less than one month after filing a grievance before filing the within action, and did not file any grievance at

all with regard to some of his claims. Defendant's motion for summary judgment is therefore, granted.

## CONCLUSION

Plaintiff's motion for preliminary injunction (Entry 17) is **denied**. Plaintiff's objections to the Magistrate Judge's order denying his motion for appointment of counsel are **overruled** (Entry 50). Defendants' motion for summary judgment (Entry 27) is **granted**. Plaintiff's case is dismissed without prejudice.

**IT IS SO ORDERED.**

                                              s/ Margaret B. Seymour
                                              The Honorable Margaret B. Seymour
                                              United States District Judge

July 13, 2011
Columbia, South Carolina